FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HUMAN RESOURCES TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF THE AIR FORCE, <br><br> Defendant. | Case No. 1:16-cv-590 (AJT/MSN) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This action is brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), as amended, to require release by the Department of the Air Force ("Air Force") of records requested over six (6) months ago under FOIA, as to which the Air Force has not timely asserted any FOIA exemption, or otherwise sought an extension of time in which to provide required release.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 522(a)(4)(B). Venue lies in this district under 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B) because, among other reasons, plaintiff Human Resources Technologies, Inc. has its principal place of business within this district.

## THE PARTIES

3. Plaintiff Human Resources Technologies, Inc. is a Virginia corporation with its principal place of business in Alexandria, Virginia.

4. Defendant Department of the Air Force is a federal government agency within 5 U.S.C. § 552(f) and the FOIA. It may be served with process by serving the United States with a copy of the summons and complaint by certified mail to Dana J. Boente, United States Attorney for the Eastern District of Virginia, 2100 Jamieson Avenue, Alexandria, Virginia 22314, by sending a copy of the summons and complaint by certified mail to Loretta Lynch, the Attorney General of the United States at the United States Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530, with a copy of the summons and complaint sent to the Secretary of the Air Force, 1670 Air Force Pentagon, Washington, DC 20330-1670.

## STATUTORY FRAMEWORK

5. FOIA requires federal agencies to release requested records to the public unless a specified and properly applicable statutory exemption is timely asserted. The Air Force is an agency within the meaning of 5 U.S.C. § 551.

6. Agencies must respond to a FOIA request within twenty (20) working days, at a minimum notifying the requestor of its determination as to whether to provide the records sought and the reasons therefore, and of the requester's right to appeal any negative determination by the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

7. An agency may delay its response, but only "[i]n unusual circumstances" and provided written notification to the requester sets forth those unusual circumstances along with a date certain on which the agency's decision will be provided. 5 U.S.C. § 552(a)(6)(B)(i). Put another way, the agency by statute is not permitted to delay indefinitely.

## STATEMENT OF FACTS

8. Plaintiff, through a letter from its counsel dated November 30, 2015, requested, pursuant to the FOIA, copies of certain records related to the issuance of a purchase order for EONet

software to Intelligent Decisions, Inc. ("IDI"). That letter, attached hereto as Ex. 1, was filed via the Air Force's centralized online FOIA system, with the Air Force Personnel Center ("AFPC") identified as the location to search for responsive records.

9. By letter dated December 8, 2015, Defendant notified Plaintiff that responsive records were not under the control of AFPC, and that the request had been forwarded to the Air Force Personnel Operations Agency ("AFPOA"). AFPOA acknowledged receipt of the request on December 22, 2015, and indicated that the Defendant would provide a response to the request by January 21, 2016.

10. On January 22, 2016, having not received a response to the request, Plaintiff contacted Defendant, who responded that the "request was still being reviewed," but that it hoped to have a response by February 5, 2016.

11. On March 16, 2016, Defendant indicated that responsive records had been forwarded to the Staff Judge Advocate for review.

12. On April 26, 2016, Defendant indicated that the records were still under review, and that another updated would be provided on May 10, 2016.

13. As of April 27, 2016, Plaintiff had received no response to its FOIA request. Also as of April 27, 2016, more than twenty working days had passed after receipt by Defendant of Plaintiff's FOIA request.

14. While Plaintiff has endeavored on many occasions to obtain production of the records sought under this request, Defendant has never sought a time extension for making responsive records available.

15. By letter dated April 27, 2016, filed via the Air Force's centralized online FOIA system, Plaintiff, through counsel, formally appealed the Defendant's failure to respond to and constructive denial of Plaintiff's FOIA request. *See* letter attached hereto as Ex. 2.

16. Defendant has failed to produce any records that were responsive to Plaintiff's FOIA request, or otherwise to provide any conceivable legal grounds for demonstrating, or even to simply assert that responsive records are exempt from production. Further, Defendant, as of this filing, has provided no hint as to any date or projected date upon which any responsive records will be produced. Despite the Defendant stating that it would provide an update on the status of the request on May 10, 2016, Plaintiff has received no further communications from the Defendant about the request since April 26, 2016.

17. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) and failed to extend that time limit pursuant to 5 U.S.C. § 552(a)(6)(B), Plaintiff is deemed to have exhausted any and all administrative remedies as to its FOIA request. 5 U.S.C> § 552(a)(6)(C)(i). Plaintiff, having undertaken every measure to facilitate response administratively, has been left with no choice but to bring this action.

## CLAIM

### Count 1

**Violation of the Freedom of Information Act (5 U.S.C. § 552)**

18. Plaintiff reasserts and incorporates herein the allegations set forth in the foregoing paragraphs.

19. Defendant has violated FOIA by failing to produce any, much less all, non-exempt records responsive to Plaintiff's FOIA request within the 20-day period required by 5 U.S.C. § 552(a)(6)(A)(i) by failing to demonstrate that any withheld records responsive to the request are

exempt from production, or by even identifying exemptions, if any, which Defendant contends are applicable to the FOIA records requested.

20. While Defendant has confirmed in writing that the requested records were long ago retrieved and are under review, Defendant has violated FOIA by providing Plaintiff no notice as to any circumstances, unusual or otherwise, and no date even, on which its decision is expected to be dispatched. *See* 5 U.S.C. § 552(a)(6)(B)(i). Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA and disregard for the simple and clearly stated requirement of this law, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform their conduct to the law.

## **REQUESTED RELIEF**

WHEREFORE, and consistent with Rule 1 of the Federal Rules of Civil Procedure and mandatory provisions of the Freedom of Information Act, Plaintiff respectfully requests that the Court:

   (a) declare Defendant's failure to comply with FOIA to be unlawful;

   (b) order Defendant to produce all records known to be responsive to Plaintiff's FOIA request;

   (c) while Defendant having not done so at any time over the past six (6) months, should not now be permitted to interpose additional delay by now asserting allegedly applicable exemptions, as an interim measure, Defendant should be required, effectively immediately, to provide a *Vaughn* index of all responsive records, including those records, if any, alleged to be covered by an exemption;

   (d) provide for expeditious proceedings in this action;

   (e) enjoin Defendant from continuing to withhold records responsive to the requests;

(f) award Plaintiff attorneys' fees and litigation costs reasonably incurred in this action as authorized by 5 U.S.C. § 552(a);

(g) retain jurisdiction over this matter to resolve any disputes over the proprietary of exemptions, if any may be claimed; and

(h) grant Plaintiff such other relief as the Court deems appropriate.

Respectfully submitted,

OFFIT KURMAN, P.A.

*/s/ Douglas R. Kay*

Douglas R. Kay (Va. Bar No. 35468)
dkay@offitkurman.com
Katherine A. Straw (Va. Bar No. 82692)
kstraw@offitkurman.com
Offit Kurman, P.C.
8000 Towers Crescent Drive, Suite 1500
Tysons Corner, Virginia 22182
Tel: (703) 745-1810
Fax: (703) 745-1835

Attorney for Plaintiff Human Resources Technologies, Inc.

4821-1816-2226, v. 1